(No. 93-CC-1952–)

NEW DIVISION-CLYBOURN CURRENCY EXCHANGE, INC., Claimant, v. THE STATE OF ILLINOIS, DIXON CORRECTIONAL CENTER–INMATE TRUST FUND, Respondents.

*Order filed August 28, 1996.*

IRA NEVEL, for Claimant.

JIM RYAN, Attorney General (JOEL CABRERA, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Mitchell, J.

This cause comes before the court on a verified complaint filed by Claimant, New Division-Clybourn Currency Exchange, Inc., alleging that Respondent, State of Illinois, wrongfully refuses to reimburse Claimant for the value of a $500 check. The Claimant contends that it is a holder in due course, pursuant to section 3—302 of the Uniform Commercial Code. (810 ILCS 5/3—302.) In addition to the value of the check, Claimant seeks reasonable attorney's fees in the sum of $350, pursuant to section 17—1a of the Criminal Code of 1961 (720 ILCS 5/1a) and seeks interest at the rate of 9%, pursuant to section 2 of the Interest Act. 815 ILCS 205/2.

A hearing was conducted on March 31, 1995, at which one witness, Marty Nevel, the president of Claimant, was presented. Claimant referenced four exhibits and Respondent presented one exhibit, the department report.

### I. Claimant's Case in Chief

Mr. Nevel testified that the normal procedures regarding check cashing is to make sure the person presenting it must be on Claimant's files by means of a signature card. If the person is unfamiliar, then Claimant verifies the check usually with the bank to verify if there are funds available or stop payments.

In this instance, Claimant registered the payee, Dekota Short. He identified Claimant's Exhibit No. 1 as a check drawn from the Dixon Correctional Center made payable to Dekota Short for $500 dated August 14, 1992. The check was cashed by Claimant.

Mr. Nevel identified Claimant's Exhibit No. 2 as the signature card completed by Dekota Short and verified by a Public Aid identification card dated August 21, 1992. The signature on her identification card matched the signature on the check and on the signature card. He identified Claimant's Exhibit No. 3 as a copy of the Claimant's telephone bill showing a telephone call to the Dixon National Bank on August 21, 1992. The bank confirmed that there were no stop payment orders and that there were sufficient funds in the account. Claimant charged Dekota Short $6.90 as a service charge. Claimant verified the signatures on the check.

The check was returned to Claimant on August 26. After the check was returned, he had a conversation with Sally Brady, the Business Administrator for Dixon Correctional Center (hereinafter "DCC").

On cross-examination, Mr. Nevel acknowledged that Claimant has not filed a suit to collect the $500 from the bank.

## II. Respondent's Case in Chief

Respondent offered its department report, pursuant to section 790.140 of the Court of Claims Regulations. (Respondent's Exhibit No. 1.) Claimant objected. The Court admits pages 3 through 12 into evidence.

## III. Rebuttal Testimony by Claimant

Mr. Nevel was recalled to present testimony in rebuttal to Respondent's Exhibit No. 1. He stated that Sally Brady of DCC informed him that a stop payment had

been placed on the check because the signatures on the check requested form had been forged. Apparently the signatures of an inmate and the assistant warden were forged on the request form. The funds were to come from an inmate's account. After the check was mailed, DCC discovered the mistake and placed a stop payment. Mr. Nevel indicated that he would have never cashed the check had he been told that a stop payment had been placed on it.

## IV. Argument of the Parties

On the merits, Claimant argues that the Respondent's evidence does not prove that the inmate's signature was forged. The Respondent put the check into the stream of commerce and Claimant was a holder in due course, subject only to real defenses which are not present in this case. Claimant had no duty to call the bank. In the alternative, Claimant argues that the Respondent was negligent.

The Respondent argues that the Claimant has failed to exhaust its remedies pursuant to section 790.60 of the Court of Claims Regulations. (74 Ill. Adm. Code 790.60.) Section 25 of the Court of Claims Act requires any person who files a claim to exhaust all other remedies and sources of recovery. (705 ILCS 505/25.) Claimant did not file suit against the bank or the endorser, Dekota Short. The documents show that a stop payment order was placed on August 19, 1992, two days before the check was presented to Claimant. Respondent argues that attorney's fees, costs and interest are not recoverable against the State unless specifically authorized by statute.

Claimant waived its opportunity to file a brief; however, the Respondent requested time to file a brief. No briefs have been received.

## V. Conclusion

It appears from the record that the check in question is not a State warrant drawn on the State Treasury. It is drawn on an Inmate Trust Fund account held at Dixon National Bank. Mr. Nevel testified that he called the bank on August 21, 1992, when Dekota Short presented the check prior to cashing it and was not told anything by the bank that caused him to believe the check would not be honored. The record indicates that a stop payment order was in place maybe as early as August 19.

The threshold question is whether Claimant must proceed against other parties prior to seeking recovery from Respondent. Based upon Mr. Nevel's testimony, the Court finds that the bank was in error in responding to Mr. Nevel that it would honor the check. Nothing in the record indicates whether Claimant has sought recovery against Dekota Short or the bank.

The Court finds that Claimant is required to exhaust remedies or recoveries against all other persons before proceeding against Respondent. Therefore, the claim is denied.